IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

FILED
2008 APR -4 PM 3:01
CLERK AND MASTER
DAVIDSON CO CHANCERY CT

| | |
|---|---|
| IROQUOIS OF TENNESSEE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TIFFANY LICHTENWALTER, | ) |
| GRANT LICHTENWALTER, | ) |
| TIFFANY LICHTENWALTER | ) |
| INSURANCE AGENCY, | ) |
| G & A INSURANCE AGENCY, AND | ) |
| GT & ASSOCIATES, | ) |
| | ) |
| Defendants. | ) |

No. 08-704-II

Jury Demand

## COMPLAINT

Plaintiff, Iroquois of Tennessee, Inc., for its' complaint against Defendants, Tiffany Lichtenwalter, Grant Lichtenwalter, Tiffany Lichtenwalter Insurance Agency, G & A Insurance Agency, and GT & Associates states as follows:

1     Plaintiff, Iroquois of Tennessee, Inc. [hereinafter "Iroquois"], at all times relevant to this action, was a Tennessee corporation with its principal place of business in Knoxville, Tennessee;

2     Upon information and belief, Defendant, Tiffany Lichtenwalter, at all times relevant to this action, was a licensed insurance agent, conducting business in the State of Tennessee;

3     Upon information and belief, Defendant, Grant Lichtenwalter, at all times relevant to this action, was a licensed insurance agent, conducting business in the State of Tennessee;

4    Upon information and belief, Tiffany Lichtenwalter, at all times relevant to this action, was a principal, and owned a proprietary interest in a Tennessee insurance agency known as the Tiffany Lichtenwalter Insurance Agency Upon information and belief, Tiffany Lichtenwalter may have operated under the additional name of G & A Insurance Agency.

5    Upon information and belief, Grant Lichtenwalter, at all times relevant to this action, was a principal, and owned a proprietary interest in a Tennessee insurance agency, known as G T & Associates.

6    Proper jurisdiction and venue is with this Honorable Court pursuant to T C A § 20-4-101 and the "Members Agreement" (attached hereto as **Exhibit A**) entered into by Tiffany Lichtenwalter and Iroquois

### COUNT I – BREACH OF CONTRACT

7    On or about May 23, 2005, Tiffany Lichtenwalter and Tiffany Lichtenwalter Insurance Agency [hereinafter "Tiffany Lichtenwalter"] entered into a contract with Iroquois entitled "Members Agreement" See **Exhibit A**

8    Pursuant to the Members Agreement, Tiffany Lichtenwalter became a member of Iroquois As a member of Iroquois, Tiffany Lichtenwalter was provided access to certain proprietary information, including but not limited to, insurance markets that would not otherwise be available to Tiffany Lichtenwalter.

9    In particular, the Members Agreement allowed Tiffany Lichtenwalter access to Hanover Insurance Company [hereinafter "Hanover"] insurance products That is, because of an existing contractual relationship between Hanover and Iroquois, members of Iroquois, including Tiffany Lichtenwalter, were given authority to sell Hanover insurance policies to individual consumers seeking insurance, and to renew, service and modify such policies

2

10. The consideration set forth in the agreement was fair and reasonable in that Tiffany Lichtenwalter was provided access to certain proprietary information, including but not limited to, insurance markets that would not otherwise be available to Tiffany Lichtenwalter in return for paying to Iroquois a monthly fee and a percentage of the compensation received from the carrier.

11. The Members Agreement entered into between Iroquois and Tiffany Lichtenwalter contained a clause that restricted Tiffany Lichtenwalter's entitlement to sell insurance products, made available to Tiffany Lichtenwalter through the Members Agreement, including but not limited to, Hanover insurance products, through any source other than Iroquois. In particular, the Members Agreement states at Paragraph 7:

*As a material provision of this Agreement...during the term of this Agreement and for two (2) years thereafter, Member (Tiffany Lichtenwalter) agrees:*

    *(a)        It shall not seek or accept direct license from any insurance company made available through the efforts of (Iroquois).*

    *(b)        It shall not directly or indirectly seek appointment with any insurance company with which the member brokers business through (Iroquois).*

    *(c)        It shall not directly or indirectly transfer business brokered through (Iroquois) to another broker or agent using the same insurance companies.*

12. On or about May 1, 2007, Tiffany Lichtenwalter informed Iroquois that she intended to terminate the Members Agreement, effective October 1, 2007, (Copy of Termination Request attached hereto as **Exhibit B**)

3

13. During the term of her contract with Iroquois, prior to the effective date of termination, Tiffany Lichtenwalter marketed Hanover insurance products, that is, she wrote, bound, renewed, serviced or modified insurance policies, insured by Hanover, that were written through an insurance agency, namely GT & Associates, not affiliated with Iroquois This activity was in violation of the Members Agreement and constitutes a breach of said contract.

14. During the term of its contract with Iroquois, prior to the effective date of termination, Tiffany Lichtenwalter transferred business, namely insurance policies insured by Hanover and originally brokered through Iroquois, to GT & Associates This activity was in violation of the Members Agreement and constitutes a breach of said contract

15. After the effective date of termination, on or about October 1, 2007, and until the present, Tiffany Lichtenwalter directly or indirectly continued to do business with Hanover, including but not limited to soliciting insurance business for Hanover, writing or binding insurance policies, renewing insurance policies, servicing said policies, or modifying existing policies These activities are in violation of the Members Agreement and constitute a breach of said contract.

16. After the effective date of termination, on or about October 1, 2007 and until the present, Tiffany Lichtenwalter continued to transfer business, namely insurance policies insured by Hanover and originally brokered through Iroquois, to GT & Associates. This activity is in violation of the Members Agreement and constitutes a breach of said contract

17. Iroquois performed all of its obligations under the Members Agreement throughout the duration of the Agreement, and has continued and will continue to meet any obligations that survived the termination of the agreement

4

18    As a result of Tiffany Lichtenwalter's breach of the Members Agreement, Iroquois has incurred losses in a calculated amount of approximately $50,000.00, which represents the commission income payable by Hanover to its agent or agents, for the quantity of business (book of business) Tiffany Lichtenwalter placed with Hanover while she was a member of Iroquois and before she transferred Hanover business to, or brokered Hanover business through, GI & Associates.

19.    As a result of Tiffany Lichtenwalter's breach of the Members Agreement, Iroquois also will incur a calculated amount of $150,000.00 in future losses, which represents lost commission income that Iroquois would have earned on renewals, expansions, or modifications of policies, from October 1, 2007 to October 1, 2009, if Tiffany Lichtenwalter had not transferred business to GI & Associates.

20.    The total damage amount incurred by Iroquois, as a result of the breach of contract by Tiffany Lichtenwalter, is calculated to be $200,000.00.

## COUNT II — INDUCEMENT OF BREACH OF CONTRACT

21.    Iroquois adopts by reference its averments made hereinabove in provisions one (1) through twenty (20).

22.    At all times relevant hereto, Grant Lichtenwalter had knowledge that there existed a members agreement between Tiffany Lichtenwalter and Iroquois, in which Tiffany Lichtenwalter agreed to the following:

*As a material provision of this Agreement... during the term of this Agreement and for two (2) years thereafter, Member (Tiffany Lichtenwalter) agrees:*

*(a)    It shall not seek or accept direct license from any insurance company made available through the efforts of (Iroquois).*

5

(b)     It shall not directly or indirectly seek appointment with any insurance company with which the member brokers business through (Iroquois)

(c)     It shall not directly or indirectly transfer business brokered through (Iroquois) to another broker or agent using the same insurance companies

23    Grant Lichtenwalter and Tiffany Lichtenwalter are husband and wife

24    Grant Lichtenwalter owned and operated, at all times relevant to this litigation, GT & Associates

25    Grant Lichtenwalter and Tiffany Lichtenwalter established a collusive agreement by means of their personal relationship

26    Pursuant to the collusive scheme of Tiffany Lichtenwalter and Grant Lichtenwalter to establish a scam agency, GT & Associates, to move Hanover's book of business from G & A Insurance Agency to GT & Associates in direct violation of the Members Agreement, Grant Lichtenwalter intended to induce Tiffany Lichtenwalter to breach the Members Agreement

27    Grant Lichtenwalter acted maliciously and in willful violation of Iroquois' known rights

28    The acts of Grant Lichtenwalter in inducing Tiffany Lichtenwalter to breach her agreement with Iroquois proximately caused Tiffany Lichtenwalter's breach of the Members Agreement

29    As a direct and proximate result of the breach of the Members Agreement, Iroquois has been damaged in an amount calculated at $200,000 00, and increasing over time

6

30    Pursuant to T.C.A. § 47-50-109, Grant Lichtenwalter is liable in treble the amount of damages resulting from or incident to the breach of the Members Agreement as a result of Grant Lichtenwalter's inducement of the breach of the Members Agreement.

31.    Grant Lichtenwalter is liable under the common law tort of inducement of breach of contract by violating the Restrictive Covenant for (1) all damages to be determined at the trial of this matter resulting from and incident to Tiffany Lichtenwalter's breach of the Members Agreement and (2) punitive damages in an amount sufficient to punish Grant Lichtenwalter and deter he and others from engaging in similar conduct in the future.

### COUNT III – VIOLATION OF GRAMM-LEACH-BLILEY ACT OF 1999

32.    Iroquois adopts by reference its averments made hereinabove in provisions one (1) through thirty-one (31).

33.    At all times relevant hereto, Tiffany Lichtenwalter, Tiffany Lichtenwalter Insurance Agency and/or G & A Insurance Agency were, and continue to be, in violation of the Gramm-Leach-Bliley Act for disclosing insureds' nonpublic personal information to a nonaffiliated third party (Grant Lichtenwalter and/or GI & Associates).

### COUNT IV – THIRD PARTY BENEFICIARY

34.    Iroquois adopts by reference its averments made hereinabove in provisions one (1) through thirty-three (33).

35    At all times relevant hereto, Tiffany Lichtenwalter and Grant Lichtenwalter intended that Grant Lichtenwalter and/or GI & Associates would benefit financially from Tiffany Lichtenwalter's affiliation with Iroquois and Hanover Insurance.

36    On June 6, 2005, Tiffany Lichtenwalter communicated with Iroquois a request to have any and all commissions received to be directly deposited into her personal account

7

Tiffany Lichtenwalter's personal account was also a joint account with her husband, Grant Lichtenwalter, allowing Grant Lichtenwalter direct access, and benefit from Tiffany Lichtenwalter's affiliation with Hanover Insurance and contractual agreement with Iroquois (Copy of June 6, 2005 correspondence attached hereto as **Exhibit C**)

37. On December 1, 2005, Tiffany Lichtenwalter requested a change to her direct deposit account. On or about this date, Tiffany Lichtenwalter requested that the direct deposit be altered from her personal account to the account of "Grant Lichtenwalter Insurance Account", thereby evidencing that Grant Lichtenwalter was deriving a direct financial benefit from Tiffany Lichtenwalter's affiliation with Hanover Insurance and contractual agreement with Iroquois (Copy of December 1, 2005 correspondence attached hereto as **Exhibit D**)

## COUNT V – ENTITLEMENT TO INJUNCTIVE RELIEF

38. Iroquois adopts by reference its averments made hereinabove in provisions one (1) through thirty-seven (37).

39. By the terms of the Members Agreement, and due to said breach, Iroquois is entitled to petition for and receive injunctive relief without the necessity of posting any bond or undertaking. See **Exhibit A**

## COUNT VI – ENTITLEMENT TO MEDIATION

40. Iroquois adopts by reference its averments made hereinabove in provisions one (1) through thirty-nine (39).

41. By the terms of the Members Agreement, and in the event of a breach or dispute with respect to said Agreement, the parties agreed to seek mediation in an effort to resolve such differences voluntarily. Further, in the event that mediation is unsuccessful, either party is

8

entitled to seek appropriate relief in a court of law or equity in Davidson County, Tennessee. See **Exhibit A**.

42. By letter dated July 31, 2007, corporate counsel for Iroquois attempted to invoke the mediation clause of the Members Agreement (Paragraph 9(a)). Defendants have declined to pursue mediation, again in breach of contract, resulting in mounting damages. (Copy of July 31, 2007 correspondence attached hereto as **Exhibit E**)

43. As a result of said breach of contract, Iroquois is required to hire local counsel.

44. As a result of Defendants' refusal to mediate this matter, Iroquois is required to initiate legal proceedings with this Court.

45. As a result of Defendants' breach of contract, Iroquois is entitled to recover all attorney's fees incurred in the pursuit of this cause of action.

## WHEREFORE, PREMISES CONSIDERED, IROQUOIS PRAYS:

A. That process be issued on all Defendants and that they be required to answer the Complaint herein within the time required by the Tennessee Rules of Civil Procedure.

B. That Iroquois be awarded a judgment against Defendants for monetary damages in the amount of $200,000.00, specific performance of mediation clause and specific performance under Paragraph 7 of the Members Agreement – return of improperly transferred or brokered policies, attached as **Exhibit A**.

C. That Iroquois be awarded treble damages pursuant to T.C.A. § 47-50-109.

D. That Iroquois be awarded punitive damages pursuant to the common law tort of inducement of breach of contract.

E. That Iroquois be granted any and all relief and/or damages permitted by law for Defendants violation of the Gramm-Leach-Bliley Act of 1999.

9

F.      That Iroquois be granted any and all damages permitted by law for the intentional positioning of Grant Lichtenwalter as a Third Party Beneficiary of the contractual and/or fiduciary relationship between Tiffany Lichtenwalter and Iroquois

G       That Iroquois be granted a temporary injunction as to the policies at issue.

H       That Iroquois be awarded reasonable attorney's fees

I        That Iroquois be awarded costs of suit herein incurred.

J.       That a jury of twelve (12) be empaneled to try this case

K.      For any and all other relief to which Iroquois may be entitled under the circumstances delineated herein.

## VERIFICATION

STATE OF *Tennessee*

COUNTY OF *Hamilton*

The undersigned, Johnny Cox, being the President and Director of Iroquois of Tennessee, Inc., after being duly sworn, makes oath that the allegations in the foregoing Complaint are true and correct to the best of his knowledge, and acknowledges that he is empowered to execute this instrument for the purposes therein contained, by signing the name of the corporation as such officer.

Johnny Cox, President/Director — Iroquois of Tennessee, Inc.

SWORN AND SUBSCRIBED before me this *1st* day of *April*, 2008

Notary Public

My Commission Expires: *June 4, 2008*

11

Respectfully submitted,

*[signature]*

MICHELE E. COOPER, BPR #17312
ANNA E. FREEMAN, BPR #21476
Attorneys for Plaintiff, Iroquois of Tennessee, Inc.
MILLS & COOPER
5042 Thoroughbred Lane, Suite A
Brentwood, TN 37027
(615) 221-8218

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent via U S Mail, postage prepaid to Henry S. Queener, 1230 17th Avenue, South, Nashville, TN 37212-2802, on this _____ day of _April_, 2008.

*[signature]*

MICHELE E. COOPER

12

# MEMBERS AGREEMENT

This Agreement is made in Tennessee and governed by Tennessee law between **Tiffany Lichtenwalter Ins Agency** ("Member"), and Iroquois of Tennessee, Inc. ("Provider"), and its assigns, who agree as follows:

1. During the term of this Agreement, Provider shall offer or cause to be offered insurance transactions ("Transaction") with one or more insurance companies to the Member. Transactions are expected to be, but need not be, limited to providing Member with access to insurance companies as a sub-licensee of Provider or access to products or markets not otherwise available to the Member subject in each case to the approval of the insurance company involved. Provider reserves the right to choose which Transactions to offer Member and Provider may now or later refuse Member authority to participate in any or all of Provider's markets, products or opportunities.

2. Compensation shall be the rate of commission offered to Member by Provider for each transaction. Provider shall provide Member at least thirty (30) days written notice in advance of any Compensation modification. There is attached to this Agreement a sample Transaction Compensation Schedule.

3. The Member agrees that it shall reimburse Provider its administrative expenses attributable to Member. Administrative expense reimbursement shall have two parts:

   a. $150 monthly unallocated overhead fee
   b. Direct expenses incurred on Member's behalf and with Member's consent

   Reimbursement of administrative expenses shall not be affected by or contingent upon the frequency with which Transactions are offered or concluded. Payment shall be made by the tenth day of each month.

   With Member's prior written consent, in each case had and obtained, it is understood Provider shall also be permitted to bill Member fees for additional services which may, from time to time, be available and not specifically addressed by this Agreement; for example, without limitation, seminars, inspections, training programs, special quoting or underwriting services, accounting, reconciliation services, etc. Member shall enjoy full discretion in determining if it chooses to take advantage of any such services.

4. This Agreement shall have an initial term of one (1) year from the date hereof and shall automatically renew for additional one (1) year terms thereafter until terminated. Either party may terminate this Agreement upon at least 120 days written notice; however, Provider may terminate immediately upon fraud, embezzlement, misrepresentation, theft, material dishonesty, or loss of license by member or cancellation or non-renewal of Member's Errors and Omissions Insurance.

5. Provider or its assigns is granted authority to receive, accept, endorse, deposit, and/or disburse monies received by Provider on behalf of Member.

6. In Paragraph 3 of this Agreement, Member has agreed to pay or reimburse various costs and fees. If Member fails to pay these, Provider may, but is not required to, deduct such sum from any monies due and pay Member the net amount.

7. As a material provision of this Agreement, in recognition of the unique business value to Member of the access to markets which may occur as a result of this Agreement, during the term of this Agreement and for two (2) years thereafter, Member agrees:

   a. It shall not seek or accept direct license with any insurance company made available through the efforts of Provider.

   b. It shall not directly or indirectly seek or accept appointment with any insurance company with which the Member brokers business through Provider.

   c. It shall not directly or indirectly transfer business brokered through Provider to another broker or agent using the same insurance company(ies).

   Should Member violate the terms of this Paragraph 7, in addition to any other remedy provided by law or

1

EXHIBIT

A

equity, it is agreed Provider shall be entitled to petition for and receive injunctive relief without the necessity of posting any bond or undertaking.

8.  Except as provided in Paragraph 7 of this Agreement, during the term of this Agreement and thereafter, Member, as sub-licensee of Provider, shall:

    a.  retain undisputed ownership of its Expirations defined as customer dailies, files and records as maintained by Member in its office(s);

    b.  have full authority at any time to move its customer's insurance policies to any insurance company; and;

    c.  have full authority to assign or transfer, by sale, gift or otherwise, all or part of its Expirations to any third party, subject to the rights of Provider as agent of record. In this circumstance, it is understood Provider may choose in its sole discretion not to enter into a Members Agreement with the Assignee/Transferee.

9.  In the event there is a dispute with respect to this Agreement, the parties agree that:

    a.  They shall seek mediation in an effort to resolve such differences voluntarily.

    b.  In the event that mediation is unsuccessful, either party may seek appropriate relief in a court of law or equity. The parties agree any proceedings shall be brought in Davidson County, Tennessee.

10. The Member:

    a.  Agrees to quote only such prices, terms and conditions as are authorized by Provider.

    b.  Shall have binding authority so long as it is a valid, licensed sub-producer of Provider for the insurance company being bound. This binding authority is limited to the levels accorded Provider by the insurance company as published and provided to Member from time to time via manuals, letters, notices, facsimiles (faxes) and oral instructions and such authority shall continue until notification by Provider or the insurance company that Member is no longer authorized to bind. Notification of revocation of binding authority may be oral, written or via facsimile (fax); oral notification shall be verified in writing within 2 business days. In the event Member has any uncertainty whether it can bind a risk, Member shall not bind until it has verified binding authority with the insurance company or Provider, which verification must be in writing.

    c.  Acknowledges that access to Transactions may be as a sub-licensee of Provider or a related corporation. As a material provision of this Agreement, Member shall not, without the prior written approval of Provider which may be withheld for any reason, initiate proceedings at law or in equity against any insurance company who has sub-licensed Member;

11. The Provider:

    a.  Agrees that for 120 days following notification of termination of this Agreement and not thereafter, Provider will pay Compensation to Member for policies remaining in force or renewing with Provider as agent of record (except Provider shall pay compensation for installment policies remaining in force with Provider through the balance of the policy term so long as Member notifies Provider in writing of the policy number, insurance company and policy term of such installment policies within the 120 days following notification of termination).

    b.  Agrees not to use its records of Member's customer information in any marketing method for the sale, service, or renewal of any form of insurance coverage or other product which shall abridge the Member's ownership interest in its Expirations, nor shall the Provider refer to or communicate

2

this information to any other agent or broker without the prior written consent of Member, provided, however, upon notice of termination of this Agreement, Member shall move its insured's policies to an insurance company in accordance with paragraph 7 on or prior to their renewal date and any policies not so moved on or prior to its renewal date shall be deemed abandoned and the use and control of such information with respect to such policy shall be vested in Provider as of the renewal date.

12. Member agrees that all policies are intended to be direct billed to the insured. However, in the event a premium is not direct billed, Member agrees that in such event all premiums shall be paid to Provider within ten (10) days of billing by Provider.

13. The Member agrees to turn all claims and endorsements over to either the insurance company or to Provider (whichever is appropriate) in a prompt manner.

14. Member shall maintain Errors and Omissions Insurance in an amount of at least $500,000 and add Provider as a certificate holder thereof. Each party shall indemnify and hold the other party harmless against all liability, to the extent the other party is legally liable to the other party by law or equity.

15. It is understood the Member, or any principal or employee of Member, is not an employee of Provider and shall not use the logo or the name of Provider in any solicitation or advertisement without the prior written permission of Provider, in each case, had and obtained.

16. Without implying so, the parties agree that in the event any part of this Agreement is not valid or enforceable, the remainder of the Agreement shall be enforceable. The parties agree that in the event any part of this agreement shall be construed by a court of competent jurisdiction to be to any extent invalid, the parties request the court to reform this agreement to comply as closely as possible with the original intent of the parties.

17. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and shall not be amended or altered in any way except by document in writing executed by both parties. No oral or written representations of any kind other than contained in the Agreements exist.

18. All notices hereunder shall be in writing, sent by certified mail, return receipt requested, addressed to the other party at its address herein or such other address as may be later provided to the parties except that notices regarding commissions and binding authority, including but not limited to Transaction Compensation Schedules, may be sent by first class mail, facsimile or electronic mail and all notices shall be effective from the date of mailing/transmission. Notices to Provider shall also be sent to Wagner & Hart, P.O. Box 268 Olean, New York 14760.

19. The parties represent and warrant that they have unrestricted authority to enter into and perform this Agreement. This Agreement is binding upon the parties and their respective heirs, successors and assigns.

20. This Agreement may not be assigned by Member without the express written consent of Provider, which consent may be withheld for any reason.

21. Member is a (C) Corporation (O) Partnership (O) Proprietorship (o) LLC

Agreed this _____23RD____ day of ___MAY_____, 2005

Member:
(Print) Tiffeny Lichtenwalter
By: X _Tiffany Lichtenwalt_
Its: _OWNER_

Provider:
IROQUOIS OF TENNESSEE, INC.
By: _____ 5-27-05
Its: _____

MASTERTNTNMMBR 150 REVISION DATE 10/05/00

3

Tiffany Lichtenwalter, Owner
Tiffany Lichtenwalter Insurance Agency
P.O. Box 331456
Murfreesboro, TN 37133
Office: 615-890-0177
Fax: 615-849-9524

May 1, 2007

Dawn Stuard
Iroquois of Tennessee
P.O. Box 586
Dickson, TN 37056

Re: Tiffany Lichtenwalter Insurance Agency, TN102

Dear Ms. Stuard,

I wish to terminate my agreement with Iroquois Tennessee and/or Tennessee Insurance
Partners effective October 1, 2007. I would like this letter to constitute my "120 days
written notice" referenced in section 4 of my member agreement. I am giving a little bit
more than 120 days notice with the hope that everything will go smoothly. Please advise
if there are any more actions that I need to take to terminate this agreement.

Regards,

Tiffany Lichtenwalter

EXHIBIT
B
DB1840 800-531-6089

FILE COPY

# Wagner & Hart

### ATTORNEYS AT LAW
214 North Barry Street
Olean, New York 14760
(716)373-1600
FAX: (716)373-3246*

John M. Hart, Jr.
Edward J. Wagner
_____
Janine C. Fodor

*FAX Number Not for
service of papers

July 31, 2007

Ms. Tiffany Lichtenwalter
Tiffany Lichtenwalter Insurance Agency
PO Box 331456
Murfreesboro, TN 37133

Iroquois of Tennessee Members Agreement

Dear Ms. Lichtenwalter:

Our law firm represents the Iroquois companies, including Iroquois of Tennessee. It has come to our attention that you may be in violation of your Members Agreement with Iroquois of Tennessee. I have enclosed a copy of that agreement. In particular, we believe you may have transferred business, brokered through Iroquois, to your husband's insurance agency. This activity would violate Paragraph 7(c) of the agreement.

The Members Agreement further provides that in the event of a dispute regarding the agreement, the parties shall seek to resolve the issue through mediation. (Paragraph 9(a)).

This letter is to request mediation. Please have your attorney contact me or Ed Wagner, by August 15, 2007, so that we can discuss a resolution to this matter or select a mediator if we cannot reach agreement among ourselves.

Very truly yours,

Janine Fodor

cc:     Laurie Branch

EXHIBIT

E

08 -104-II

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER |
|---|---|---|
| PLAINTIFF<br><br>IROQUOIS OF TENNESSEE, INC. | DEFENDANT<br><br>TIFFANY LICHTENWALTER ET AL. | |

TO: (NAME AND ADDRESS OF DEFENDANT)

TIFFANY LICHTENWALTER
c/o Henry Queener, Esq
1230 17th Avenue, South
Nashville, TN 37212-2802

Method of Service:

Certified Mail
Davidson Co. Sheriff
*Comm. Of Insurance
*Secretary of State
*Out of County Sheriff
Private Process Server
Other

List each defendant on a separate summons.                    *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Michele E. Cooper<br>Mills & Cooper<br>5042 Thoroughbred Lane, Suite A<br>Brentwood, TN 37027<br>(615) 221-8218 | FILED, ISSUED & ATTESTED<br><br>4-4-08<br><br>CRISTI SCOTT, Clerk and Master<br>By:     1 Public Square<br>       Suite 308<br>       Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | I HEREBY CERTIFY THAT THIS IS A TRUE COPY<br>**Sheriff** OF ORIGINAL INSTRUMENT FILED IN MY OFFICE.<br>THIS ___4___ DAY OF __April__ 20_08_<br>CRISTI SCOTT, CLERK & MASTER<br>By<br>    DEPUTY |

***Submit one original plus one copy for each defendant to be served

♿ADA Coordinator, Cristi Scott (862-5710)

| STATE OF TENNESSEE | | CASE FILE NUMBER |
| 20ᵀᴴ JUDICIAL DISTRICT | **SUMMONS** | 08-904 II |
| CHANCERY COURT | | |

| PLAINTIFF | DEFENDANT |
| IROQUOIS OF TENNESSEE, INC | TIFFANY LICHTENWALTER ET AL. |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

GRANT LICHTENWALTER
c/o Henry Queener, Esq.
1230 17ᵀᴴ Avenue, South
Nashville, TN 37212-2802

Method of Service:

Certified Mail
Davidson Co. Sheriff
*Comm. Of Insurance
*Secretary of State
*Out of County Sheriff
Private Process Server
Other
*Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED |
| | 4-4-08 |
| Michele E. Cooper | |
| Mills & Cooper | CRISTI SCOTT, Clerk and Master |
| 5042 Thoroughbred Lane, Suite A | By:     1 Public Square |
| Brentwood, TN 37027 |       Suite 308 |
| (615) 221-8218 |       Nashville, TN 37201 |
| | |
| | **Deputy Clerk & Master** |

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
| | I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF ORIGINAL INSTRUMENT FILED IN MY OFFICE. |
| | Sheriff THIS ___ DAY OF _April_ 20_08_ |
| | CRISTI SCOTT, CLERK & MASTER |
| | BY_____ |
| | DEPUTY |

***Submit one original plus one copy for each defendant to be served.

ↄADA Coordinator, Cristi Scott (862-5710)

| STATE OF TENNESSEE<br>20ᵀᴴ JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS FILED | CASE FILE NUMBER<br>08-809II |
|---|---|---|
| PLAINTIFF<br><br>IROQUOIS OF TENNESSEE, INC. | DEFENDANT<br>2008 APR -4 PM 3:00<br>TIFFANY LICHTENWALTER ET AL.<br>CLERK AND MASTER<br>DAVIDSON CO. CHANCERY CT. | |

| TO: (NAME AND ADDRESS OF DEFENDANT) | 2008 Method of Service: |
|---|---|
| TIFFANY LICHTENWALTER INSURANCE AGENCY<br>c/o Henry Queener, Esq.<br>1230 17ᵀᴴ Avenue, South<br>Nashville, TN 37212-2802 | Certified Mail<br>Davidson Co. Sheriff<br>*Comm. Of Insurance<br>*Secretary of State<br>*Out of County Sheriff<br>Private Process Server<br>Other |
| List each defendant on a separate summons. | *Attach Required Fees |

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Michele E. Cooper<br>Mills & Cooper<br>5042 Thoroughbred Lane, Suite A<br>Brentwood, TN 37027<br>(615) 221-8218 | FILED, ISSUED & ATTESTED<br>4-4.08<br><br>CRISTI SCOTT, Clerk and Master<br>By:      1 Public Square<br>          Suite 308<br>          Nashville, TN 37201<br><br><br>Deputy Clerk & Master |
|---|---|

## NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | I HEREBY CERTIFY THAT THIS IS A TRUE COPY<br>OF ORIGINAL INSTRUMENT FILED IN MY OFFICE.<br>Sheriff: IS _____ DAY OF April _____ 20.08<br>CRISTI SCOTT, CLERK & MASTER<br>BY _____ |

***Submit one original plus one copy for each defendant to be served.**
DEPUTY

↳ADA Coordinator, Cristi Scott (862-5710)

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | F I L E D | CASE FILE NUMBER 08-804-II |
|---|---|---|---|

**PLAINTIFF**

IROQUOIS OF TENNESSEE, INC.

**DEFENDANT** 2008 APR -4 PM 3:00

TIFFANY LICHTENWALTER ET AL
CLERK AND MASTER
DAVIDSON CO. CHANCERY CT

**TO:** (NAME AND ADDRESS OF DEFENDANT)

G & A INSURANCE AGENCY
c/o Henry Queener, Esq.
1230 17th Avenue, South
Nashville, TN 37212-2802

List each defendant on a separate summons.

Method of Service:

**Certified Mail**
Davidson Co. Sheriff
*Comm. Of Insurance
*Secretary of State
*Out of County Sheriff
Private Process Server
Other
*Attach Required Fees

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED 4-4-08 |
|---|---|
| Michele E. Cooper Mills & Cooper 5042 Thoroughbred Lane, Suite A Brentwood, TN 37027 (615) 221-8218 | CRISTI SCOTT, Clerk and Master By:     1 Public Square     Suite 308     Nashville, TN 37201 Deputy Clerk & Master |

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | I HEREBY CERTIFY THAT THIS IS A TRUE COPY Sheriff OF ORIGINAL INSTRUMENT FILED IN MY OFFICE. THIS_____ DAY OF _____ 20__ CRISTI SCOTT, CLERK & MASTER BY_____ DEPUTY |

***Submit one original plus one copy for each defendant to be served.**

&ADA Coordinator, Cristi Scott (862-5710)

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER |
|---|---|---|

| PLAINTIFF<br><br>IROQUOIS OF TENNESSEE, INC | DEFENDANT 2008 APR -4 PH 3: 00<br>TIFFANY LICHTENWALTER ET AL<br>CLERK AND MASTER<br>DAVIDSON CO CHANCERY CT. |
|---|---|

TO: (NAME AND ADDRESS OF DEFENDANT)

GT & ASSOCIATES
c/o Henry Queener, Esq.
1230 17th Avenue, South
Nashville, TN 37212-2802

Method of Service:

Certified Mail
Davidson Co. Sheriff
*Comm. Of Insurance
*Secretary of State
*Out of County Sheriff
Private Process Server
Other
*Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Michele E. Cooper<br>Mills & Cooper<br>5042 Thoroughbred Lane, Suite A<br>Brentwood, TN 37027<br>(615) 221-8218 | FILED, ISSUED & ATTESTED<br><br>CRISTI SCOTT, Clerk and Master<br>By:         1 Public Square<br>         Suite 308<br>         Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF ORIGINAL INSTRUMENT FILED IN MY OFFICE<br>**Sheriff**<br>THIS ____ DAY OF April ____ 20__<br>CRISTI SCOTT, CLERK & MASTER<br>BY<br>DEPUTY |

\*\*\*Submit one original plus one copy for each defendant to be served.

ↆADA Coordinator, Cristi Scott (862-5710)