IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IROQUOIS OF TENNESSEE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIFFANY LICHTENWALTER, GRANT )<br>LICHTENWALTER, TIFFANY )<br>LICHTENWALTER INSURANCE AGENCY, )<br>G & A INSURANCE AGENCY, and )<br>GT & ASSOCIATES, )<br>)<br>Defendants. ) | Civil No. 3:08-0409<br>Judge Trauger |

**MEMORANDUM and ORDER**

On its own motion, the court requested briefing on whether or not there was a private right of action under the Gramm-Leach-Bliley Act of 1999 ("GBLA"), 15 U.S.C. § 6801, *et seq.*, in that the defendants had removed this case from state court based upon federal question subject matter jurisdiction under that statute. (Docket Nos. 4, 15) Both parties have filed their briefs. (Docket Nos. 14, 18)

Although it seems clear to this court that there is no such private right of action, neither the Sixth Circuit nor the United States Supreme Court has spoken on the issue. Despite its modified position taken in its brief that "the GLBA does not create an express or implied private right of action" (Docket No. 18 at 1), the plaintiff certainly alleges a separate cause of action arising out of a violation of the GBLA (Docket No. 1, Complaint, ¶¶32-33) and requests "any and all relief and/or damages permitted by law for defendants' violation of the Gramm-Leach-

1

Bliley Act of 1999" (*Id.* at ¶E, p. 9). The merit of this cause of action will be determined at a later stage of the case, but the defendant is entitled to a federal forum when a federal cause of action appears on the face of the complaint. *Sua sponte* dismissal for want of jurisdiction is appropriate if the federal claim is frivolous. *Hagans v. Lavine*, 415 U.S. 528 (1974). However, in light of the dirth of controlling caselaw on the issue briefed by the parties, the court is not prepared to rule that the federal question claim is so frivolous as to warrant dismissal at this early stage on the court's own motion. Therefore, the court will exercise jurisdiction over this case.

The court notes that the defendants have filed four motions (Docket Nos. 6, 8, 10, 12), to which the plaintiff has not responded within ten days of the filing. Presuming the plaintiff did not respond to these motions because of the pending jurisdictional issue, the court will grant the plaintiff some leeway. It is therefore **ORDERED** that the plaintiff shall respond to all four of these pending motions by June 13, 2008.

It is so **ORDERED.**

ENTER this 29th day of May 2008.

_____
ALETA A. TRAUGER
U.S. District Judge