IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IROQUOIS OF TENNESSEE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08-0409 |
| ) | Judge Trauger |
| TIFFANY LICHTENWALTER, GRANT ) | |
| LICHTENWALTER, TIFFANY ) | |
| LICHTENWALTER INSURANCE AGENCY, ) | |
| G & A INSURANCE AGENCY, and ) | |
| GT & ASSOCIATES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

Several motions are pending before the court. The court will attempt to deal with each in turn.

Defendants' Rule 19 Motion to Join an Indispensable Party.

The defendants have filed a Motion to Join an Indispensable Party (Docket No. 8), to which the plaintiff has responded in opposition (Docket No. 31). The defendants' motion asserts that Hanover Insurance Company, rather than the named defendants, performed the acts complained of in the Complaint and that, therefore, it should be added as an indispensable defendant party. The defendants assert that "Hanover may become liable *to the defendants* for acting beyond the scope of the defendants' instruction. . . ." (Docket No. 9 at 4) (emphasis added)

The plaintiff is correct that these assertions by the defendants give rise to a potential claim *by the defendants* against Hanover Insurance Company, but that Hanover is not an

1

indispensable party to Iroquois's claims against the defendants. Rule 14(a)(1), FED. R. CIV. P., provides, in part, that a defendant, acting as a third-party plaintiff, may serve a third-party complaint upon "a non-party who is or may be liable to it for all or part of the claim against it." This situation presents the classic opportunity for the filing of a third-party complaint against Hanover Insurance Company by the defendants. However, the plaintiff has chosen to hold the named defendants responsible for the actions complained of. Therefore, the Defendants' Rule 19 Motion to Join an Indispensable Party (Docket No. 8) is **DENIED.**

Defendants' Motion to Strike.

The defendants have filed a Motion to Strike (Docket No. 10), to which the plaintiff has responded in opposition (Docket No. 32). The defendants have moved to strike paragraphs 40-45 of the Complaint for impermissibly making reference to settlement discussions in violation of Federal Rule of Evidence 408 and to strike personal financial information contained in exhibits attached to the Complaint. The plaintiff does not oppose replacing the referenced exhibits with redacted copies or placing them under seal (Docket No. 32 at 6), but it does oppose striking the referenced paragraphs from the Complaint.

Paragraphs 40-45 of the Complaint allege a breach of the Members Agreement between defendant Tiffany Lichtenwalter and her insurance agency and the plaintiff, Iroquois of Tennessee, Inc., in that the agreement required mediation before the filing of a lawsuit arising out of disputes with respect to the Agreement and that Tiffany Lichtenwalter and her agency refused to engage in that mandatory mediation. This is a proper allegation of a breach of the agreement, and it cannot be foreclosed by Federal Rule of Evidence 408.

2

The defendants' Motion to Strike is **DENIED**.  However, the Clerk is hereby **ORDERED** to place under seal Exhibits C and D to the Complaint (Docket No. 1, attach.)

Defendants' Motion to Dismiss.

The defendants have filed a Motion to Dismiss several counts of the Complaint and prayers for relief under Rule 12(b)(6), FED. R. CIV. P., (Docket No. 6), to which the plaintiff has responded in opposition (Docket No. 30).  The motion will be granted in part and denied in part.

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will accept as true the facts as the plaintiff has pleaded them.  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002); *Performance Contracting, Inc. v. Seaboard Sur. Co.*, 163 F.3d 366, 369 (6th Cir. 1998).  The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  "Indeed it may appear on the face of the pleadings that recovery is very remote and unlikely but that is not the test."  *Scheuer*, 416 U.S. at 236.  Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514.

In *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007), the Supreme Court readdressed the pleading requirements under the federal rules.  The Court stressed that, although a complaint need not plead "detailed factual allegations," those

3

allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, No. 03-5306, 2007 U.S. App. LEXIS 20556, at *6 (6th Cir. Aug. 28, 2007 (citing *Twombly*, 127 S.Ct. At 1965). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by conclusory assertions. *Twombly*, 127 S.Ct. at 1965 n.3.

Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," *see E.E.O.C. v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965; *see also Swierkiewicz*, 534 U.S. at 508 n.1; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer*, 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remove and unlikely"). With this standard in mind, the court turns to an analysis of the defendants' motion.

4

The defendants have moved to dismiss the claim for punitive damages in this case. The parties agree on the Tennessee standard for an award of punitive damages, as established by *Hodges v. S.C. Toof & Co.*, 833 S.W. 2d 896, 901 (Tenn. 1992). The plaintiff has sufficiently alleged conduct that may give rise to punitive damages. Therefore, this ground for the motion to dismiss is **DENIED**.

The defendants move to dismiss Count IV of the Complaint, which alleges a cause of action for "Third-Party Beneficiary." This motion is well taken. The plaintiff is not suing as a third-party beneficiary of the Member Agreement; the plaintiff is suing as a *party* to the agreement for breaches of the agreement. The plaintiff alleges that certain of the defendants benefitted from the alleged acts of other of the defendants, but to allege this as a separate third-party beneficiary claim in this lawsuit is simply in error. There is no cause of action for "third-party beneficiary." This concept is used when a third party wishes to enforce a contract to which it not a party but of which it contends it was an intended beneficiary. *See Owner-Operator Independent Drivers Association, Inc. v. Concord EFS, Inc.*, 59 S.W.3d 63, 68 (Tenn. 2001). This ground for the motion to dismiss is **GRANTED.** However, the court will not strike the factual allegations in paragraphs 34 through 37 from the Complaint. There simply is no separate cause of action under Count IV.

The defendants seek to strike from the Complaint allegations that the plaintiff is entitled to injunctive relief. Although not yet determined, the plaintiff may be entitled to injunctive relief. In fact, the Members Agreement entitles the plaintiff "to petition for and receive injunctive relief without the necessity of posting any bond or undertaking." (Docket No. 1, attach., Ex. A at ¶7) Of course, the plaintiff has no right to secure an injunction without posting

5

a bond. Both the granting of injunctive relief and the setting of an injunction bond are within the exclusive discretion of the court. However, courts always give some weight to an agreement between the parties that, should injunctive relief be granted by a court, a bond will not be required. For these reasons, this ground within the motion to dismiss is **DENIED**.

The defendants move to dismiss the plaintiff's request for attorney's fees, as they are not provided for in the Members Agreement. The defendants are correct that the Members Agreement does not provide for attorney's fees. However, the plaintiff has alleged a breach by the defendants of the mandatory mediation clause in the agreement and that, therefore, the plaintiff's having to hire lawyers and bring a lawsuit for these disputes under the Agreement gives rise to a consequential damages claim for attorney's fees. The court, at this early stage, cannot find that that theory is entirely without merit. Therefore, this ground for the motion to dismiss is **DENIED**.

The defendants request that the court dismiss Count VI of the Complaint, alleging that the agreement does not require mediation and that damages cannot be awarded for a failure to mediate. The mediation clause of the Members Agreement at issue provides:

> In the event that there is a dispute with respect to this Agreement, the parties agree that:
>
> a. They *shall* seek mediation in an effort to resolve such differences voluntarily.
>
> b. In the event that mediation is unsuccessful, either party may seek appropriate relief in a court of law or equity. The parties agree any proceedings shall be brought in Davidson County, Tennessee.

(Docket No.1, attach., Ex. A at ¶9) (emphasis added)

The court interprets this clause to require mediation between the parties in the event of

Case 3:08-cv-00409   Document 38   Filed 06/24/08   Page 6 of 7 PageID #: 563

disputes between them under the Agreement. The plaintiff alleges, and the defendants do not dispute, that the defendants refused to mediate. The Complaint sufficiently alleges, as an additional breach of the Members Agreement, this failure to engage in mediation on the part of the defendants that could give rise to a claim for damages. Therefore, this ground for the motion to dismiss is **DENIED**.

It is so **ORDERED.**

ENTER this 24th day of June 2008.

_____
ALETA A. TRAUGER
U.S. District Judge